MICHAEL J. HEYMAN
United States Attorney

SETH M. BEAUSANG
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) No. |
| vs. | ) ) **VERIFIED COMPLAINT FOR** |
| APPROXIMATELY $25,700.00 IN U.S. CURRENCY, | ) **FORFEITURE IN REM** ) ) |
| Defendant. | ) |

Plaintiff, United States of America, by and through counsel, alleges the following:

**I. NATURE OF THE ACTION**

1. This is a civil action in rem brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6) for the forfeiture of the Defendant in rem.

2. The Defendant in rem is comprised of approximately $25,700.00 in U.S. currency, seized from Jarrell Mays on or about April 11, 2021, in Fairbanks, Alaska.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1395 because the Defendant in rem was seized within the District of Alaska.

## III. RELEVANT FACTS

5. During the fall of 2017, the Drug Enforcement Administration (DEA) and the Statewide Drug Enforcement Unit (SDEU) identified Darrell Moss as a member of the Moss Drug Trafficking Organization (DTO) which was trafficking money and narcotics within the state of Alaska and abroad.

6. On April 1, 2021, law enforcement officers performed a traffic stop near Healy, Alaska, and found the driver, Yuana Taylor of the vehicle in possession of approximately 27 ounces of suspected heroin.

7. Taylor was identified as a member of the Moss DTO.

8. Seeking to cooperate with the government, Taylor signed a cooperation agreement with the Alaska State Troopers.

9. On April 6, 2021, at the direction of officers, Taylor placed a phone call to Moss and told Moss that Taylor had approximately $10,000 in drug proceeds to deliver to Moss. Moss inquired when Taylor would be able to deliver more money and the two agreed to speak on a later date.

10. On April 8, 2021, Taylor and Moss spoke again at which time Taylor stated she had sold more drugs and would have more money to deliver in the following days.

*U.S. v. Approximately $25,700.00 in U.S. Currency*
*Verified Complaint for Forfeiture in Rem*

11. On April 11, 2021, Moss called Taylor and said Moss would be shortly sending someone to pick up the drug proceeds.

12. Officers provided Taylor with a clear grocery bag containing $10,000 in U.S. currency in a small cracker box to provide to Moss's courier.

13. At approximately 2:00 p.m. on April 11, Taylor called Moss and informed him that they were ready to meet with the courier. Moss replied that his guy would be there in five minutes.

14. Approximately four minutes later, a silver GMC Envoy arrived and parked next to Taylor's vehicle. Jarrell Mays exited the Envoy and approached the driver side door of Taylor's vehicle. Taylor handed Mays the clear grocery bag containing the U.S. currency and Mays placed the bag in the Envoy before preparing to depart.

15. As Mays was attempting to leave, officers moved to arrest Taylor. Mays was detained for officer safety reasons and for further investigation. Officers separated the two subjects.

16. Officers observed Moss's cell phone number attempting to call Taylor's cell phone.

17. Officers also observed incoming phone calls from Moss's cell phone number attempting to call Mays' cell phone. These observations occurred while the phone was locked and officers could see the incoming number without manipulating the device.

18. Officers search the Envoy pursuant to a search warrant. Inside, officers located the clear plastic grocery bag with the cracker box and retrieved the U.S. currency placed in the box by law enforcement.

19. Next to the clear plastic grocery bag, officers located a shopping bag with two purple Crown Royal bags inside containing $25,700.00 in banded U.S. currency, which is the Defendant in rem.

20. Mays told the officers that he did not to know Taylor and claimed he was just out for a drive when he was detained.

21. Mays denied ownership of any money inside his vehicle, asking the officers if Mays looked like he had that kind of money.

22. At the time, Mays had no known employment.

23. Based on the training and experience of the officers involved in this investigation, Mays was likely acting as a drug courier when he picked up the currency from Taylor. DTOs commonly utilize couriers to transport drugs and drug proceeds.

24. On March 25, 2022, Taylor was convicted of Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B).

25. On September 6, 2023, Moss was found guilty of Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A).

26. The Defendant in rem is likely proceeds of drug distribution and/or money intended to facilitate drug distribution.

27. DEA noticed the Defendant in rem for administrative forfeiture.

28. On or about February 21, 2025, DEA received a claim for the Defendant in rem from Mays, in which Mays stated: "This money was mine, it was taken from me. I was going to use it to buy a truck for the winter."

29. Defendant in rem is presently in the possession, custody, or control of the

United States and is not presently subject to any judicial restraining order.

30.     The Defendant is rem is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

## IV. CLAIM FOR RELIEF

WHEREFORE, Plaintiff United States of America prays that:

A.     A Warrant In Rem issue for the arrest of Defendant in rem;

B.     That due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

C.     That judgment be entered declaring Defendant in rem be forfeited to the United States of America for disposition according to law, and

D.     For such relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED this 28th day of March, in Anchorage, Alaska.

MICHAEL J. HEYMAN
United States Attorney

s/ Seth M. Beausang
SETH M. BEAUSANG
Assistant U.S. Attorney
United States of America

*U.S. v. Approximately $25,700.00 in U.S. Currency*
*Verified Complaint for Forfeiture in Rem*
5
Case 3:25-cv-00064-HRH     Document 1     Filed 03/31/25     Page 5 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing will be served via certified mail on the following:

All persons who reasonably appear to be a potential claimant

s/ Seth Beausang
Assistant United States Attorney

*U.S. v. Approximately $25,700.00 in U.S. Currency*
*Verified Complaint for Forfeiture in Rem*

## **VERIFICATION**

I, Eli Fierer, hereby verify and declare under the penalty of perjury that I am employed as a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to the best of my knowledge and belief. The sources of my knowledge and information and the grounds for my belief include official files and records of the United States, publicly available files and historical information, files and records compiled by local and state law enforcement agencies, information supplied to me by other law enforcement officers and other witnesses, as well as my investigation in this case, together with others, as well as my training and experience.

                                              Eli Fierer
                                              Special Agent
                                              Drug Enforcement Agency

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746

*U.S. v. Approximately $25,700.00 in U.S. Currency*
*Verified Complaint for Forfeiture in Rem*
7
Case 3:25-cv-00064-HRH     Document 1     Filed 03/31/25     Page 7 of 7